Craig Morris, #011628
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ 85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM
Attorney for Dianne Crandell Kerns, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MICHAEL ALAN GIBBS,<br><br>                Debtor. | CHAPTER 13 PROCEEDINGS<br><br>Case No. 4:16-bk-08178-BMW<br><br>**TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED**<br><br>**RE: 3rd AMENDED PLAN (DKT #73)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on December 15, 2017 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended modified plan is filed (using Model Plan Form 13-2) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of their federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 30 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. Tax returns may be submitted to mail@dcktrustee.com. This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtor received a tax refund larger than $1,000 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly Trustee requires that Debtor (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If Debtor is in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. Standing Order: Conduit Mortgage Payments (Tucson Division).

**Specific Requirements:**

1. Tax Refunds. If Debtor receives a tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. The order confirming plan must contain the following language related to treatment of general unsecured claims: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. Filed Proofs of Claim. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **Trustee objects to the treatment of these proofs of claim. This objection may be resolved by amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan or by filing an objection followed by an order**: **NONE**. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.

4. Unfiled Proofs of Claim. To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**. Trustee reserves the right to supplement or amend this paragraph.

5. **Plan Payments. Debtor has made payments in the total amount of $5,290.00. Debtor is delinquent in the amount of $350.00, representing 1 month through November 2017. Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to www.ndc.org. In general, the information on this website is 24-hours old.**

6. Liquidation Analysis: At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

7. Projected Disposable Income: At this time Trustee believes that the plan **does** satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.

8. Plan Feasibility. Pursuant to Trustee's calculations, the Chapter 13 Plan is feasible at this time. However, Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

9. **Objections to Confirmation.** Debtor shall resolve plan objections by submitting a proposed SOC to Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. If Debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: GRASKY ENDURANCE COACHING LLC.

10. <u>Submission of Proposed SOC</u>. If Debtor proposes to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to Trustee via electronic mail (mail@dcktrustee.com) or first class mail. Trustee will not review a proposed SOC if it does not appear on the court's docket. Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(e), L.R.B.P., to begin running when all Recommendation conditions are met.[1]

RESPECTFULLY SUBMITTED this 21st day of December 2017.

OFFICE OF THE CHAPTER 13 TRUSTEE
7320 N. La Cholla #154-413
Tucson, AZ 85741

By /s/ Craig Morris          ASB #011628
Craig Morris
Staff Attorney for the Chapter 13 Trustee

A copy of the foregoing was filed with the court and a copy, was transmitted via electronic or first class mail this 12/21/2017 to:

MICHAEL ALAN GIBBS
8320 N WIND SWEPT LANE
TUCSON, AZ 85743
Debtor

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.

MATTHEW THOMAS FOLEY
Law Offices of Matthew Foley, PLC
4400 E. Broadway, Suite 811
Tucson, AZ 85711
Email: Matt@FoleyPLC.com
Attorney for Debtor

By: <u>SA</u>